## STATE v. WASHINGTON.

Under an indictment charging only the statutory offence of stealing cotton from the field, the defendant cannot be convicted of petit larceny.

Before KERSHAW, J., Berkeley, October, 1886.

The case is fully stated in the opinion of this court.

*Mr. J. W. Polite*, for appellant.

*Mr. Jervey*, solicitor, contra.

June 23, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This appeal involves but one question. The appellant was found guilty of petit larceny under an indictment which charged him with feloniously stealing thirteen pounds of cotton of the value of two dollars *from the field*, against the form of the statute in such case made and provided, &c. It is admitted that this indictment was drawn under section

2487 of the General Statutes. Upon the rendition of the verdict the defendant moved in arrest of judgment, on the ground that the offence charged being a statutory offence, he could not be found guilty of petit larceny, there being no count in the indictment for petit larceny. The motion was overruled, and the defendant, by his appeal, renews it here.

There can be no doubt but that there is a difference between ordinary petit larceny *and larceny from the field.* At common law, taking grain or other produce from the field, not severed from the soil at the time found and taken, was nothing more than a trespass, under the principle that, not being severed it was a part of the soil—realty, and therefore not the subject of larceny; while personal property has always been the subject of larceny, petit or grand, dependent upon its value. As far back as 1826, however, an act was passed, the title being, "An act to make the fraudulent and secret taking of cotton, corn, and other grain, before severance from the soil, larceny;" but the body of the act did not expressly limit its application to the taking of produce not yet severed from the soil, as seemed to have been intended by the title. On the contrary, it declared that the taking cotton, corn, rice, or other grain from any field fraudulently, should be deemed larceny, either grand or petit, as the value of the property might be. 6 *Stat.,* 284.

Thus the law stood upon this subject until 1866, when an act was passed amending the criminal law, in which stealing from the field any grain, cotton, * * not yet severed from the freehold was made a felony with benefit of clergy. This doubtless was intended to remove the doubt arising upon the act of 1826, whether taking grain not severed from the field at the time of the taking, was a criminal act, inasmuch as nothing was said in the body of the act of 1826 as to severance from the soil. In 1879 another act was passed in which it was declared, or rather the act of 1866 was amended so as to declare, that it should be a felony to steal grain, cotton, * * from the field, whether severed from the freehold or not. See section 2487, General Statutes of 1882, which section reads as follows: "Whoever shall steal from the field any grain or cotton, whether severed from the soil or not, shall be deemed guilty of felony, and on conviction thereof shall be pun-

ished by imprisonment in the penitentiary for not less than one year nor more than five years, or in the jail for not less than three months nor more than six months, or by fine not less than fifty dollars nor more than five hundred dollars."

In the case of the *State* v. *Shuler* (19 *S. C.*, 142), this court has construed this act to apply to the taking of the particular kind of property mentioned in the act from the field before it is *gathered by the owner*, and not to the taking of said property simply because it happened to be *in the field*, the object of the act being to protect field crops until they were gathered and housed, or at least severed and harvested. And with this view, the offence, without regard to the value of the property taken, was made a felony, with a heavy punishment annexed, making no distinction on account of the value, as petit and grand larceny. Now, the defendant was indicted under this last act, section 2487 of General Statutes, and it was to the offence therein declared that he was called upon to answer. The jury gave no response to this charge, but they found him guilty of an offence not charged in the indictment, to wit, *petit larceny*.

The difference between this case and the case of the *State* v. *Shuler* is, that in that case the defendant was indicted for stealing corn "in the field." The court held this fatal in so far as it was an indictment under the statute above, making "stealing from the field" a felony, but that it might stand as an indictment for petit larceny, inasmuch as the property stolen was the subject of larceny generally, whether found in the field or elsewhere. In this case, however, the indictment charges expressly the stealing to have been "from the field," thus bringing the offence under section 2487, and leaving no room for the application of any other act. We think the defendant has been convicted of an offence with which he was not charged, nor to which he was called to answer.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.